UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case Number: 24-mj-369 |
| v. | : | |
| | : | |
| | : | |
| **CHARLES HILTON,** | : | |
| | : | Detention Hearing: December 6, 2024 |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its request that defendant Charles Hilton be detained pending trial of this matter pursuant to 18 U.S.C. §§ 3142(f)(1)(A). Mr. Hilton is currently charged with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), which is defined as a "crime of violence" pursuant to 18 U.S.C. § 3156(a)(4)(C). Further, the United States asks that the Court find that there is probable cause to believe that the defendant also committed the crime of Attempted Sexual Exploitation of a Child, in violation of 18 U.S.C. 2251(a), (e), which is also a "crime of violence." *See United States v. Bess*, 678 F.Supp. 929 (D.D.C. 1988). Because the charge of Attempted Sexual Exploitation of a Child is an offense "involving a minor victim" there is a rebuttable presumption of detention here pursuant to 18 U.S.C. § 3142(e)(3)(E). Here, the defendant should be detained pending trial because there is no condition or combination of conditions that will reasonably assure the safety of children online and in the community, including the children living in Mr. Hilton's own home. As detailed below, an analysis of the factors set forth in 18 U.S.C. § 3142 leads to the conclusion

1

that detention is the only way to protect children in the community and to ensure the defendant's future appearance.

## FACTUAL BACKGROUND

On November 21, 2024, a representative of the National Center for Missing and Exploited Children (NCMEC)[1] received three separate reports regarding child sexual abuse material (CSAM) on an online application from an employee of Google. Google indicated that the CSAM had been associated with one or more Google accounts and provided the following account information for all three reports:

> Name: Charles Hilton
> Verified Phone Number: 202-391-3155
> Date of Birth: May XX, 1985
> Email Addresses: hiltoncharles2834@gmail.com, and hiltoncharles4480@gmail.com

Each of the three tips contained information regarding different images uploaded to the Google accounts. Tip #202611544 contained 1108 files, 593 of which had been reviewed by Google. In reviewing the 593 images reviewed by Google, law enforcement determined that it contained apparent child pornography, some of which was known to law enforcement to be widely circulated. Examples of some of the files identified in tip #202611544 include:

---

[1] The National Center for Missing and Exploited Children (NCMEC) is a non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited children. NCMEC operates a Cyber Tipline and Child Victim Identification program. Through the Cyber Tipline, Internet Service Providers (ISP), Electronic Service Providers (ESP), and individual persons may notify NCMEC of online child sexual abuse images. NCMEC makes information submitted to the Cyber Tipline and Child Victim Identification Program available to law enforcement agencies.

**Video Example 1**

| Filename: | 18d0fe24f004292c3ecfbb32c83679c6-VID-20141205-WA0452.mp4 |
|---|---|
| Hash: | 659d0d709174d9f35f5ca323de76effe |
| Viewed by ESP? | Yes |
| Length | 00:04:26 |
| Description | The video shows a light-skinned male wearing a blue shirt inserting his erect penis into a prepubescent Asian female's vagina for several minutes. The perpetrator is naked from the waist down. The perpetrator is filming the abuse with a fixed camera in the room and another camera on his person. After he inserts his penis into her vagina, the perpetrator switches the camera angle. The victim appears to be asleep or unconscious. She is naked, except for white cowboy boots and white laced leggings. |

**Video Example 2**

| Filename: | e34170dd4561cd8697194ce033f8a553-1_5082567566832959809.mp4 |
|---|---|
| Hash: | e78e9a6db955bbb1bd672f2e7811fe3f |
| Viewed by ESP? | Yes |
| Length | 00:02:11 |
| Description | The video shows two prepubescent females clothed and dancing in front of a camera held by the perpetrator.<br><br>The first prepubescent female is wearing a blue shirt, a light-colored top, and light-colored underwear. She turns away from the camera, lowers her underwear, and shows the perpetrator her naked butt while dancing.<br><br>The second prepubescent is wearing a pink and white skirt, a light-colored shirt, and light-colored underwear. She lifts her shirt to show her breasts to the perpetrator while continuing to dance.<br><br>The video cuts to the second prepubescent female sitting on a bed with her underwear down and her vagina exposed. The camera is |

|  | moved closer and further away from vagina, and the perpetrator's penis can be seen. |
|---|---|
|  | The video cuts again, and the second prepubescent female is seen on the bed on her hands and knees with her butt exposed. The perpetrator places his penis against her butt, and the video ends. |

**Video Example 3**

| Filename: | 599cf139328c1b47b1d0b9b2943490bf-2017-07-04 12.30.16(1).mp4 |
|---|---|
| Hash: | 07590df7fe1021dde2908f8c2bb8d4c4 |
| Viewed by ESP? | Yes |
| Length | 00:00:41 |
| Description | The video shows a prepubescent female with black braided hair and a pink top manipulating what appears to be an adult male's exposed penis with her hands. The prepubescent female then places her mouth on the penis.<br><br>The perpetrator is a black male with a light-colored top and dark-colored bottoms. There is audio; however, no words are exchanged. |

The investigation into the way in which the files associated with #202611544 were uploaded to Google servers remains ongoing.

In contrast to the tip #202611544, the remaining two tips contained very different types of image files. Tip #202662841 contained 12 files from Google, all of which had been reviewed by Google, and associated with the same user information as described above, including the email addresses hiltoncharles2834@gmail.com, and hiltoncharles4480@gmail.com. The majority of the files depict a black male surreptitiously filming children as they are asleep. The children are clothed in each of these images, although some of the videos depict close-up views of the genital areas and buttocks of the children in the videos. For example,

4

- **15ea8cea48543c86fbf23b4c8f8fd98e.mp4-** This video file depicts a black male filming a young black female teen as she is asleep. The male is seen near the child's knee. A light-colored hardwood floor is visible in the video.

- **c12c11c1cdc3c51c6eedc3a873c38c3e.mp4-** This video file depicts what appears to be the same girl described above in file "15ea8cea48543c86fbf23b4c8f8fd98e.mp4," lying in a bed wearing shorts. A person is filming her buttocks area as she is asleep.

In addition to surreptitious videos of children, this tip also contained a selfie-style photo of a man, later determined to be Charles Hilton.

The final tip provided by Google, tip #202662883, contained 20 files, all viewed by a Google employee. The user information in this tip is identical to that in the first two tips, including the email addresses hiltoncharles2834@gmail.com, and hiltoncharles4480@gmail.com. The majority of the 20 videos depict a male filming children as they are asleep. Many of the files depict child erotica, including multiple videos showing close-up views of the clothed buttocks and genitals of a young female who appears to be in her early teens. The following is a sample of the video files:

- **1ee808f8a332cf4aacc4b7ed63ea8f2e.mp4-** This video file depicts a black male pulling down the pajama pants of what appears to be a child as she is asleep. The male is exposing her buttocks with her underwear on. The male's hand is visible in the video.

- **2dfbfac3a253b85f842abe65cf057d3b.mp4-** This video file depicts what appears to be child wearing a red shirt and green tights lying on her stomach. A black male

- is seen squeezing the child's buttocks through her tights and rubbing his fingers up and down the girl's buttock's crack.

- **5d930a85613bb95ed29be2b2d30fe1dd.mp4-** This video file depicts a camera capturing a child asleep in her bedroom. A black male is seen entering the room with a cell phone in his hand, he approaches the child and places the phone near the child's buttocks.

- **d7d37ff47e7973f311f6e7824887adb4.mp4-** This 56-second video file depicts the hand of a black male pulling down the pajama pants and underwear of what appears to be a young teen girl as she lays on her stomach. The male then spreads her bare anus open and manipulates the opening of her anus and vulva. A female voice can be heard speaking in the background.

On November 26, 2024, law enforcement obtained an arrest warrant for Charles Hilton, as well as a warrant to search his residence in Northeast, Washington D.C. During the search, law enforcement encountered defendant Hilton, who appeared to be the same individual depicted in the "selfie" style photo in file 45b0743b12a89d2d836830d75e00bb45.jpg described above. Additionally, law enforcement observed the flooring in the apartment, which is consistent with the light-colored hardwood floor that appears in some of the videos reported by Google, including video 15ea8cea48543c86fbf23b4c8f8fd98e.mp4, as described above. During the search, law enforcement recovered numerous digital devices throughout the residence and, as of the time of filing, have begun the process of extracting and reviewing the contents of those devices.

Following his arrest on November 26, 2024, Hilton waived his rights and consented to speak with law enforcement during a custodial interview. During the video-recorded interview, Hilton provided two email addresses, including hiltoncharles2834@gmail.com and

hiltoncharles4480@gmail.com. He then claimed that his email address had been hacked and that he had been surprised when he recently began seeing child pornography appear on his devices. Hilton confirmed that he was the only adult male living at his Washington D.C. residence, although he indicated that other males stayed at the residence from time to time. He also confirmed that that he lived at that address with his "wife", as well as two minor females, one four years old and one 13 years old. Hilton served as a father-figure for the 13-year-old girl, and they all lived in the same residence.

During his interview Hilton initially denied knowledge of the videos identified by Google, claiming that his account had been hacked. However, later in the interview he admitted to filming the 13-year-old female who lived in his home, hereinafter "Minor Victim 1," both while she was awake and while asleep. According to Hilton, he filmed Minor Victim 1 with her permission.[2] He explained that he learned sensitive and potentially harmful information about Minor Victim 1 that she did not want him to share with anyone else. In exchange for his continued silence, Minor Victim 1 permitted Hilton to do "whatever [he] wanted" to her. Law enforcement specifically confronted Hilton with the video d7d37ff47e7973f311f6e7824887adb4.mp4, described above, which depicts the hand of a black male manipulating the bare anus and vulva of a young female while a female voice can be heard in the background. Hilton admitted that he had filmed the video and that the video depicted Minor Victim 1. He further explained that she had allowed him to take the video and that she was speaking on the phone at the time the video was taken. Hilton's explanation is consistent with the female voice that can be heard speaking in the background on that video.

---

[2] Consent is not a defense to either Possession of Child Pornography or to Attempted Sexual Exploitation of a Child. Under the law, a minor child cannot consent to being sexually exploited.

After his arrest on November 26, 2024, defendant Hilton appeared in court on December 3, 2024, for an initial appearance. The investigation into his conduct remains ongoing and a detention hearing is scheduled for December 6, 2024.

## APPLICABLE LEGAL STANDARD

The defendant is charged with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4), which is defined as a "crime of violence" pursuant to 18 U.S.C. § 3156(a)(4)(C). Further, the United States asks that the Court find that there is probable cause to believe that the defendant also committed the crime of Attempted Sexual Exploitation of a Child, in violation of 18 U.S.C. 2251(a), (e), which is also a "crime of violence." *See United States v. Bess*, 678 F.Supp. 929 (D.D.C. 1988). Because the charge of Attempted Sexual Exploitation of a Child is an offense "involving a minor victim" under 18 U.S.C. § 3142(e)(3)(E), it is to be *presumed* that no combination of conditions will protect the community or assure the defendant's return. § 3142(e)(3)(E). This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released"); *see also United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant does not pose a flight risk, danger to the community by itself is a sufficient reason to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In determining whether the defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;

and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).  Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors.  *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased.  Instead, it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).").  As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts.  Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial."  *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

## ANALYSIS

Defendant Hilton is a danger to children in the community – most notably the children in his own home – and there are no conditions short of detention that will protect children, both online and in the real world, from the defendant.  For the reasons addressed below, the United States submits that that the defendant cannot rebut the presumption that he remain detained, as there is no condition or combination of conditions that will reasonably assure the safety of any other person or children in the community.

### A. Nature and Circumstances of the Charged Offense

Defendant Hilton's conduct in this case is atrocious and makes clear that he cannot be trusted in the community.  Even taking his statement to law enforcement at face value –

9

presumably the version of events most favorable to Mr. Hilton – his story paints a picture of the total betrayal and exploitation of a 13-year-old child in his care. According to Mr. Hilton, he learned sensitive information about Minor Victim 1 that she wanted him to keep a secret. Instead of acting like the responsible adult that he should have been, he held that information over her head, essentially blackmailing her for his own gratification. He agreed to keep her secret in exchange for "permission" to engage in sexual conduct with her. This blackmailing culminated in a cache of videos sexualizing the child, to include at a 56-second video showing Hilton pulling down the pajama pants and underwear of Minor Victim 1, the spreading her bare anus open and manipulating the opening of her anus and vulva. Not only did Hilton admit to filming this video, but the video was then uploaded to Google, putting Minor Victim 1 at risk of having the image of her sexual abuse circulating on the internet in perpetuity.

On a broad level, children depicted in sexually explicit images and videos are victimized at the time the images were created, and they are re-victimized each time an individual, like the defendant, views the images for their own sexual gratification. As explained by the Sixth Circuit in a child pornography case:

> ...we have numerous victims in a case like this, not one victim. Every image of a child, every image of a non-adult engaged in any type of sexual activity or any type of pose without clothing or any type of exploitation constitutes an additional case of victimizing a child. Without a demand for that type of information and that type of viewing from persons like this defendant, we don't know how many child abuse cases we could prevent. And as long as there is a demand to purchase images of child pornography, there is going to be an unending stream of child abuse of…children who are forced into these roles.
>
> ...every image has a child who has been exploited and abused, and that is the concern I have. It is the concern that I have when people are engaged in serially doing this, the effect it has on children throughout the world and the effect it has on their future lives.

See *United States v. Miller*, 665 F.3d 114, 121-122 (6th Cir. 2011)(quoting the district court) (rejecting an attack on the child pornography sentencing guidelines and highlighting the grave

harm caused to the victims depicted in child pornography images and the evidence that traffickers and possessors of child pornography are the impetus for the creation of more sexual abuse of minors).

Indeed, Congress has recognized the serious nature of the offenses such as Attempted Sexual Exploitation of a Child that this defendant is charged with, and the long-term damage that these crimes can cause, by specifying that these crimes carry a rebuttable presumption of detention. § 3142(e)(3)(E). The defendant's actions demonstrate that he is a danger to children, including those in his own home, and there is no combination of conditions that will ensure that he does not present a danger to children.

**B. The Weight of the Evidence Against the Defendant**

The weight of the evidence against defendant Hilton is strong and also weighs in favor of detention. As of the date of filing, law enforcement is in possession of the images provided by NCMEC in each of the three reports, all of which are associated with the Google accounts hiltoncharles2834@gmail.com, and hiltoncharles4480@gmail.com. Hilton admitted that both of those accounts belong to him. The images provided by Google depict some CSAM that is already known to law enforcement as being widely distributed, as well as other images which were previously unknown to law enforcement. When confronted with one of those previously unknown images – specifically image d7d37ff47e7973f311f6e7824887adb4.mp4 – Hilton admitted to recording that video and explained that the video depicted the 13-year-old minor female living in his home. Additional videos of sleeping children, some of which show close-up views of the clothed genital areas of those children, appear to have been taken in that same residence based on the flooring and that appears in some of the videos. The United States is also in possession of

numerous digital devices recovered from the residence and is in the process of forensically examining those devices.

Contrary to common argument in this District, the weight of the evidence should not be viewed as the "least important" of detention factors. Instead, a district court has broad discretion to determine the relative weight of each of the four Bail Reform Act factors, including the weight of the evidence against a defendant, when analyzing whether the defendant poses a danger or is a risk of flight. No factor is categorically of greater or lesser weight than the others. As the Second Circuit Court of Appeals has observed:

> Although § 3142(g) of the Bail Reform Act lists various factors to consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant. *See generally* 18 U.S.C. § 3142(g). That silence is unsurprising, because the weight given to each factor will inevitably vary from case to case, and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight. What is more, certain factors might interact with one another in a particular case in a way that alters a court's analysis of a defendant's danger to the community or flight risk.

*United States v. Zhang*, 55 F.4th 141, 149-50 (2d Cir. 2022). In *Zhang*, the Second Circuit found that the district court gave appropriate weight to the second factor – the weight of the evidence – in determining that there was "significant evidence" that Zhang had in fact committed the charged murder. *Id.* at 150-51. Affirming the district court's relative reliance on the weight of the evidence in determining dangerousness, the court explained:

> In making a predictive assessment of the defendant's future dangerousness if released into the community, common sense and § 3142(g)(2) aligned with the district court's consideration of the strength of this evidence, especially coupled with the nature of the charged offense. It stands to reason that the more strongly the evidence indicated that the defendant committed the murder, the more likely he poses a danger to the community if released on bail.

*Id.* Similarly, in considering whether the defendant poses a risk of flight, the court explained that where "the evidence against a defendant is strong, it follows that the defendant faces an elevated

risk of conviction (and of the attendant punishment), and therefore may present an elevated risk of flight. *Id.* at 151-52.

The *Zhang* court's analysis holds true here, where the evidence against Hilton is strong, suggesting both a heightened danger to the community as well as an elevated risk of flight. The strength of the evidence strongly supports detention, as it indicates the significant risk of actual danger posed to children by the defendant, as well as an elevated risk of flight to avoid accountability on very serious charges.

### C. History and Characteristics of the Defendant

Defendant Hilton has a long history of convictions dating back to 2006 and this case is not the first time that he has come to the attention of law enforcement after acting on sexual interest in children. Significantly, he was convicted in 2018 in Alexandira, Virginia, for "Consensual Intercourse with Child age 15 or more," in case CR18M00034-01, and was sentenced to 12 months confinement, with three months suspended. However, even the significant consequence of a prior conviction and sentence has not checked Hilton's conduct. Instead, his conduct appears to have escalated since 2018, resulting in the betrayal and exploitation of a child in his care for his own sexual gratification. The United States submits that the defendant's demonstrated sexual interest in children and unwillingness to conform his conduct to the law makes him an ongoing danger to any child he may encounter, whether that be online or in the real world.

### D. The Nature and Seriousness of the Danger to Any Person or the Community

Finally, the sexual exploitation and abuse of children presents a serious danger to the community, which results in severe mental, emotional, and physical trauma to the countless children who are victimized by offenders like the defendant and others with a demonstrated sexual

interest in children.    It is this type of harm that led Congress to create the statutory presumption of detention in these cases.

That child pornography offenses are serious is a fact noted by the Supreme Court. At least as early as the landmark decision, *New York v. Ferber*, 458 U.S. 747 (1982)*,* the Supreme Court referenced numerous research materials detailing the harm to children as a result of the production and trafficking of child pornography.

> [P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography."

Shouvlin, Preventing the Sexual Exploitation of Children: A Model Act, 17 Wake Forest L.Rev. 535, 545 (1981). *See also* Child Exploitation 292 ("[I]t is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions"); Note, Protection of Children from Use in Pornography: Toward Constitutional and Enforceable Legislation, 12 U.Mich.J. Law Reform 295, 301(1979)(interview with child psychiatrist) ("The victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child"). 458 U.S. 758, n.9.

Moreover, as the Eastern District of New York has found:

> ...the issue is not only defendant's potential abuse of children and his interaction with children if on bail, but also his ability, if he is released on bail, to attempt to possess additional child pornography, or to communicate and interact with (via email, internet, or phone) others involved in the possession, sale, and distribution of child pornography or other sexual abuse of children, which would also create a clear danger by facilitating the criminal and dangerous exploitation of children by other individuals.

*United States v. Reiner*, 468 F.Supp.2d 393, 397 (E.D.N.Y. 2006).  The *Reiner* court further found that there were no conditions in that case that could reasonably assure the safety of the community

"[i]n this day and age, with devices such as cellphones, Blackberries, and laptops..." Id. at 399; *see also United States v. Blankenship*, 2008 WL 1925137 (S.D.W.Va. April 29, 2008)(unpublished)(noting the ease of accessing the internet by means of various devices and stating "[t]he Court finds that the evidence clearly and convincingly establishes that, confined to his home and electronically monitored, defendant would not be prevented from obtaining the means to access the internet and attempting again to obtain child pornography and in this poses a danger to children and the community"); *United States v. Doyle,* 2007 WL 1097844, *1 (W.D.Va. 2007)(finding danger of future offenses "especially considering that pornographic images of children are widely available on the internet and can be easily accessed by a personal computer"), conviction rev'd on other grounds, 650 F.3d 460 (2011).

Given the risks that the defendant poses to children, there are no conditions or combination of conditions that will reasonably keep children in the community safe and assure his appearance if he is released. As such, this factor weighs heavily in favor of detention.

**CONCLUSION**

For all of the reasons set forth above, a consideration of the evidence in this case and the applicable statutory factors compels the conclusion that the defendant should be detained pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar. No. 415082


_____/s/ Jocelyn Bond_____
Jocelyn Bond
D.C. Bar No. 1008904
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 809-0793
Email: Jocelyn.Bond@usdoj.gov